**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MATT MELLEN,

    Plaintiff,

v.

JASON B. DALTON; RASIER, LLC; and
UBER TECHNOLOGIES, INC.,

    Defendants.

Case No.

Hon.

| | |
|---|---|
| Matthew R. Cooper (P43072)<br>COOPER LAW, PLC<br>134 South Phelps St.<br>P.O. Box 64<br>Decatur, MI 49045<br>(269) 436-8316<br>matt@vadlawcenter.com<br><br>Frank B. Melchiore (P41238)<br>LAWFM<br>535 Central Ave., Ste. 306<br>St. Petersburg, FL 33701<br>(727) 822-5900<br>lawfm1@gmail.com<br><br>*Attorneys for Plaintiff* | Thomas W. Cranmer (P25252)<br>Matthew P. Allen (P57914)<br>James L. Woolard (P77493)<br>MILLER, CANFIELD, PADDOCK AND<br>STONE, P.L.C.<br>840 W. Long Lake Rd., Ste. 150<br>Troy, Michigan  48098<br>(248) 879-2000<br>cranmer@millercanfield.com<br>allen@millercanfield.com<br>woolard@millercanfield.com<br><br>*Attorneys for Defendants Uber Technologies,<br>Inc. and Rasier, LLC* |

**<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendants Uber Technologies, Inc. ("Uber") and Rasier, LLC ("Rasier") notice the removal of this civil action from the Circuit Court for the County of Kalamazoo, State of Michigan (Case No. 21-0066-NO) to the United States District Court for the Western District of Michigan, Southern Division. Uber and Rasier state as follows in support of their Notice of Removal:

1. On February 18, 2021, Plaintiff Matt Mellen filed an action in the Kalamazoo County, Michigan Circuit Court against Uber, Rasier, and Jason B. Dalton for violation of the Michigan Consumer Protection Act, M.C.L. § 445.901 *et seq.* ("MCPA"), fraud, and silent fraud. *See* Ex. 1 ¶¶ 22-49. The action was assigned to Judge Alexander C. Lipsey as Case No. 21-0066-NO. *See id.*

2. This action is removable under 28 U.S.C. § 1441(a), which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) as the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs.

4. Plaintiff alleges in his Complaint that he resides in Kalamazoo County, Michigan. Ex. 1 ¶ 1. Plaintiff is therefore a citizen of the state of Michigan.

5. Defendant Uber is incorporated in the State of Delaware and its principal place of business is located in the State of California. Uber is accordingly a citizen of the states of Delaware and California. *See* 28 U.S.C. § 1332(c)(1).

2

6. Defendant Rasier is a limited liability company of which Uber is the sole member. Rasier is accordingly a citizen of the states of Delaware and California. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

7. Plaintiff alleges that Defendant Jason B. Dalton is a resident of Michigan. Ex. 1 ¶ 6. However, Plaintiff alleges no claims in his Complaint against Dalton: the three counts in the Complaint are expressly brought only against "Defendants Uber," defined in the Complaint as Uber and Rasier. *Id.* ¶¶ 4-5, 19-20, 23-29, 32-36, 41-46. Plaintiff also fails to allege any elements of his substantive claims for violation of the MCPA, fraud, or silent fraud as to Dalton. *See id.* ¶¶ 22-49. In particular, Plaintiff fails to allege that Dalton made any of the alleged representations giving rise to Plaintiff's MCPA, fraud, and silent fraud claims. *See id.* ¶¶ 5, 19, 25-26, 28-29, 32-36, 41-42, 44-46.

8. Plaintiff's allegations would otherwise fail to support a viable claim against Dalton because the limitations period for any such claim expired long ago. Plaintiff alleges that on February 20, 2016, Dalton "kidnap[ped], falsely imprison[ed], and batter[ed]" Plaintiff and drove in a manner that "severely traumatiz[ed]" Plaintiff. Ex. 1 ¶¶ 8-9. The limitations period for false imprisonment and for battery is two years, which ran on February 20, 2018.[1] MCL § 600.5805(3). The limitations period for intentional infliction of emotional distress is three years, which ran on February 20, 2019. MCL § 600.5805(2); *Doe v. Roman Cath. Archbishop of Archdiocese of Detroit*, 264 Mich. App. 632, 639; 692 N.W.2d 398 (2004).

9. Plaintiff has thus failed to plead any claims, and could not plead any viable claims based on the allegations in his Complaint, against Dalton. Consequently, under the doctrine of fraudulent joinder Dalton's citizenship is not considered for purposes of determining the existence

---

[1] Michigan does not recognize a "kidnapping" tort separate from the tort of false imprisonment.

3

of complete diversity. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (stating that "this Court has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds" and affirming denial of motion to remand "because Plaintiffs failed to plead viable state law causes of action against the local Defendants").

10. Because Plaintiff is a citizen of Michigan and Uber and Rasier are citizens of Delaware and California, there is complete diversity of citizenship between the parties.

11. Plaintiff seeks damages in an unspecified amount in excess of $25,000, the jurisdictional minimum for a civil action filed in a Michigan circuit court. Ex. 1 pp. 2, 14, 19, 21, 23; *see* M.C.L. §§ 600.605, 600.8301.

12. A "notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded" and the district court finds that the amount in controversy is more likely than not above $75,000. 28 U.S.C. §§ 1446(c)(2)(A)(ii), (B); *see Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (noting that state court rules "might enable a plaintiff to claim in her complaint an amount lower than the federal amount in controversy but nevertheless seek and recover damages exceeding the amount prayed for" and that "[i]n such situations, the removing defendant must show that it is more likely than not that the plaintiff's claims meet the amount in controversy requirement." (citations and internal quotation marks omitted)). The Michigan Court Rules permit recovery in excess of the amount demanded in Plaintiff's pleadings. M.C.R. 2.601(A) (providing that except for a default judgment, "every final judgment may grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded that relief in his or her pleadings").

4

13. The amount in controversy here more likely than not exceeds $75,000, as evidenced by the allegations in Plaintiff's Complaint and by Plaintiff's March 13, 2020 demand letter.

    a. Plaintiff alleges that "[a]s a result of the Defendants' violations of Michigan's Consumer Protection Act (MCL 445.901, et seq.) and the Defendants' fraud, Plaintiff is severely traumatized, suffering Post Traumatic Stress Disorder, severe 'survivor's guilt' and additional afflictions all resulting in substantial actual damages and losses to Plaintiff" and that he "finds himself an inpatient for treatment of [these] conditions." Ex. 1 ¶¶ 20a-21. In addition to actual damages, Plaintiff seeks exemplary damages, attorney fees, and costs. *Id.* at p.14. *See Williamson v. Aetna Life Insurance Co.*, 481 F.3d 369, 377 (6th Cir. 2007) (holding that statutorily authorized attorneys' fees are considered in determining amount in controversy); M.C.L. § 445.911(2) (providing for recovery of attorneys' fees under MCPA). Plaintiff's allegations thus reflect that the matter in controversy more likely than not exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B) (providing that preponderance of the evidence standard applies to determining the amount in controversy based on the notice of removal); *see also Bass v. Ikea U.S. East, LLC*, No. 16-10694, 2016 WL 2342321, at *2 (E.D. Mich. May 4, 2016) (finding amount in controversy met where complaint alleged the plaintiff had suffered physical injuries, "pain and suffering, mental anguish, and further injuries" and "has been required to incur substantial sums of money" for treatment) (cited approvingly by *Halsey v. AGCO Corp.*, 755 Fed. App'x 524, 529 (6th Cir. 2018) as a case "where a fair reading of the unspecified and unliquidated damages sought by Plaintiffs provided that more than $75,000 was in controversy").

  b. By letter dated March 13, 2020, Plaintiff's counsel, who presumably is in the best position to know the extent of his client's alleged damages, presented Uber and Rasier with Plaintiff's most recent demand of $1,247,500 for his alleged injuries. Ex. 2. Plaintiff's demand thus establishes that the matter in controversy exceeds $75,000. *See Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012) (courts can consider settlement offers to determine whether amount in controversy is met); *Carroll v. Stryker Corp.*, 658 F.3d 675, 681 n.2 (7th Cir. 2011) (settlement offers "are admissible to show that the amount in controversy for jurisdictional purposes has been met"); *Santos-Tiller v. Krispy Kreme Doughnut Corp.*, No. 16-10342, 2016 WL 4445429, at *3 (E.D. Mich. Aug. 24, 2016) ("Here, Plaintiff's $117,500 settlement demand is a clear indication that she values her claim above $75,000.") *Johnson v. Meijer, Inc.*, No. 12-78, 2013 WL 1344453, at *1 n.1 (W.D. Mich. Apr. 2, 2013) (finding amount in controversy satisfied based on the plaintiff's pre-suit demand of $150,000).

14. Removal of the action to this Court is proper because this district and division embraces Kalamazoo County, Michigan, the county in which the action was filed. *See* 28 U.S.C. §§ 102, 1441(a).

15. The procedural requirements for removal have been met here:

  a. Copies of all "process, pleadings, and orders served on" Uber and Rasier thus far in the action are attached to this Notice of Removal in accordance with 28 U.S.C. § 1446(a). *See* Exs. 1, 3, 4, 5.

  b. This Notice of Removal is timely because it has been filed with the Court within 30 days after service of the summons and complaint on Uber and Rasier. *See* 28

U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that under 28 U.S.C. § 1446(b)(1) "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service"); *Campbell v. Johnson*, 201 F.3d 440, at *2 (6th Cir. 1999) (Table) (citing *Murphy* and noting that "[t]he 30-day period for removal runs from the service of the summons on each defendant"). The summons and complaint were served on Uber and Rasier on August 13, 2021. Ex. 3. Thirty days from August 13, 2021 is Sunday, September 12, 2021, which is extended by operation of Fed. R. Civ. P. 6(a)(1)(C) to Monday, September 13, 2021. *Froelich v. CACH, LLC*, 289 F.R.D. 454, 455-56 (S.D. Ohio 2013) (citing cases).

    c.    Promptly after filing this Notice of Removal, a true and correct copy of this Notice will be filed with the clerk of the Kalamazoo County Circuit Court and will be concurrently served on all adverse parties as required by 28 U.S.C. § 1446(d). *See* Ex. 6.

16.    The stipulated order entered by the state court on August 27, 2021 (Ex. 5) extended Uber and Rasier's time to respond to the Complaint to December 2, 2021, in order to allow the parties to continue their good-faith efforts to resolve this dispute privately, including through mediation. *See* 28 U.S.C. § 1450. At that time, and absent a resolution, Uber and Rasier will move to compel arbitration of this dispute pursuant to an arbitration agreement with Plaintiff.

Respectfully submitted,

/s/ Matthew P. Allen
Thomas W. Cranmer (P25252)
Matthew P. Allen (P57914)
James L. Woolard (P77493)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
840 W. Long Lake Rd., Ste. 150
Troy, Michigan 48098
(248) 879-2000
cranmer@millercanfield.com
allen@millercanfield.com
woolard@millercanfield.com

*Attorneys for Defendants Uber Technologies, Inc. and Rasier, LLC*

Dated: September 10, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2021, I served a copy of the foregoing document, upon:

| | |
|---|---|
| Matthew R. Cooper, Esq.<br>Cooper Law, PL<br>134 South Phelps St.<br>P.O. Box 64<br>Decatur, MI 49045 | Frank B. Melchiore, Esq.<br>LAWFM<br>535 Central Ave., Ste. 306<br>Ste. Petersburg, FL  33701 |

by placing same in a sealed envelope with first class postage fully prepaid, addressed to the individuals and entities listed above to be served, and depositing the envelope and its contents in the United States mail.

I declare that the statements above are true to the best of my knowledge, information, and belief.

/s/Michelle M. Lingenfelter
MICHELLE M. LINGENFELTER

37477458.6/155289.00011

8