UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATT MELLEN,

    Plaintiff,

                                      Case No. 1:21-cv-784

v.

                                      Hon. Hala Y. Jarbou

JASON B. DALTON, et al.,

    Defendants.
_____/

## ORDER

Plaintiff Matt Mellen brought this action in Kalamazoo County Circuit Court against Defendants Jason B. Dalton, Rasier, LLC, and Uber Technologies, Inc.  In his complaint, Mellen asserts claims arising under Michigan law.  Those claims stem from Mellen's alleged experience as a passenger in a vehicle driven recklessly by Dalton, who Mellen hired using Uber's software.

Uber and Rasier have removed the action to this Court on the basis of diversity jurisdiction (*see* Notice of Removal, ECF No. 1), which applies when the amount in controversy exceeds $75,000 and no plaintiff is a citizen of the same state as a defendant.  *See* 28 U.S.C. § 1332(a)(1). In addition, the removal statute provides that "an action removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added).

The Court is satisfied that this suit satisfies the $75,000 threshold for the amount in controversy.  Less clear is whether the parties are diverse.  Mellen is a citizen of Michigan while Uber and Rasier are citizens of Delaware and California.  The problem is that Dalton is also a citizen of Michigan, which defeats diversity jurisdiction if Dalton has been properly joined.  But Uber and Rasier argue that Dalton has been fraudulently joined.  A fraudulently joined defendant

does not defeat removal on the basis of diversity jurisdiction. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

"A defendant is fraudulently joined if it is 'clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . .'" *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432-33 (6th Cir. 2012) (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "The relevant inquiry is whether there is 'a colorable basis for predicting that a plaintiff may recover against [a defendant].'" *Id.* at 433 (quoting *Coyne*, 183 F.3d at 493). It is the removing party's burden to demonstrate fraudulent joinder. *Id.*

Here, Uber and Rasier note that Dalton is not named in any of the counts of the complaint. Indeed, it is not clear what legal claims Mellen is asserting against Dalton. Mellen expressly sues Uber and Rasier for two types of fraud and for an alleged violation of Michigan's Consumer Protection Act. But it is not clear how Mellen's allegations pertaining to Dalton fit within those claims.

In addition, to the extent Mellen sues Dalton for alleged conduct akin to kidnapping, imprisonment, or battery, Uber and Rasier assert that any such claims against Dalton would be barred by the applicable statutes of limitations. Thus, it appears that removal is proper because Dalton has been fraudulently joined. The Court will give Mellen an opportunity to respond to Defendants' arguments. Accordingly,

**IT IS ORDERED** that Plaintiff Mellen shall **SHOW CAUSE** within fourteen days of the date of this order why the Court should not find that Dalton has been fraudulently joined and that removal is proper because the Court has subject matter jurisdiction over the case.

**IT IS FURTHER ORDERED** that Defendants shall have seven days after service of Plaintiff's response to file a reply.

Dated:   September 14, 2021                                /s/ Hala Y. Jarbou
                                                                     HALA Y. JARBOU
                                                                    UNITED STATES DISTRICT JUDGE