UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATT MELLEN,

    Plaintiff,

v.

JASON B. DALTON, et al.,

    Defendants.

_____/

Case No. 1:21-cv-784

Hon. Hala Y. Jarbou

### ORDER

As discussed in an order entered on September 14, 2021, Plaintiff Matt Mellen brought this action in Kalamazoo County Circuit Court against Defendants Jason B. Dalton, Rasier, LLC, and Uber Technologies, Inc.  Mellen asserts claims arising under Michigan law, stemming from his alleged experience as a passenger in a vehicle driven recklessly by Dalton, whom Mellen hired using Uber's software on February 20, 2016.

Uber and Rasier removed the action to this Court on the basis of diversity jurisdiction.  The removal statute provides that "an action removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added).

Mellen is a citizen of Michigan while Uber and Rasier are citizens of Delaware and California.  However, Dalton is also a citizen of Michigan, which defeats diversity jurisdiction if Dalton has been properly joined.  But Uber and Rasier argue that Dalton has been fraudulently joined.  A fraudulently joined defendant does not defeat removal on the basis of diversity jurisdiction.  *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

"A defendant is fraudulently joined if it is 'clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . .'"  *Casias v. Wal-Mart*

*Stores, Inc.*, 695 F.3d 428, 432-33 (6th Cir. 2012) (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).  "The relevant inquiry is whether there is 'a colorable basis for predicting that a plaintiff may recover against [a defendant].'"  *Id.* at 433 (quoting *Coyne*, 183 F.3d at 493).  It is the removing party's burden to demonstrate fraudulent joinder.  *Id.*  "All doubts as to the propriety of removal are resolved in favor of remand."  *Coyne*, 183 F.3d at 493.

Here, Uber and Rasier note that Dalton is not named in any of the counts of the complaint. The complaint identifies three counts for relief against "Defendants Uber," which is shorthand for Uber and Rasier.  (Compl. 15, 19, 21, ECF No. 1-2.)  Count I asserts a violation of the Michigan Consumer Protection Act (MCPA), Mich. Comp. Laws § 445.901 et seq.  Count II asserts a claim for fraud.  Count III asserts a claim for silent fraud.  The first two claims are based on alleged misrepresentations by Uber and Rasier.  The third claim is based on Uber and Rasier's alleged failure to disclose facts about their services.

It is not clear what legal claims Mellen is asserting against Dalton.  To the extent Mellen sues Dalton for alleged conduct akin to kidnapping, imprisonment, or battery, Uber and Rasier note that any such claims against Dalton would be barred by the applicable statutes of limitations.

The Court ordered Mellen to show cause why the Court should not find that Dalton has been fraudulently joined such that removal is proper.  In response to the Court's order, Mellen contends that he states a claim against all three Defendants under the MCPA, which prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce[.]"  Mich. Comp. Laws § 445.903(1).

The crux of Mellen's MCPA claim is that Uber and Rasier allegedly misrepresented that they had a "dedicated incident response team on call 24/7 to investigate safety incidents/actions" that would "lead to permanent deactivation of [an unsafe] Uber driver."  (Compl. ¶ 25.)  However,

2

Uber and Rasier allegedly did not have such a team on call.  In addition, Uber and Rasier allegedly misrepresented and led Plaintiff to believe that (1) they screen, evaluate, monitor, inspect, and investigate motor vehicles and motor vehicle driving records; (2) their services are safe; (3) they put policies and procedures in place with a trained support team to respond to urgent safety issues; (4) they set standards for training and evaluating drivers, and revoke access to drivers who are unsafe; and (5) paying an extra "safe rides fee" provides a safety benefit.  (*Id.* ¶ 29.)

Importantly, there is no allegation that Dalton made any misrepresentations that would subject him to liability under the MCPA.  In Mellen's response to the Court's order, he implies that Dalton made a misrepresentation about the "safe rides fee"; however, the complaint alleges that Uber and Rasier charge this fee, not Dalton.  (*Id.* ¶ 5(p).)  The complaint also states that Uber and Rasier "marketed" this fee and that representations about the fee are located on Uber and Rasier's website.  (*Id.* ¶¶ 29(e), 32, 42.)  There are no allegations from which to infer that Dalton made any representations about this fee.

Mellen attempts to attribute the alleged misrepresentations mentioned above to Dalton, but the Court cannot discern a plausible basis for a claim against Dalton under the MCPA based on representations made by Uber and Rasier.  Mellen contends that Uber and Rasier "only operate through their activated UBER drivers, while UBER drivers only operate while activated on their UBER App." (Pl.'s Resp., ECF No. 10, PageID.186.)  That may be true insofar as the provision of driving services is concerned, but it is clear that Mellen's complaint is focused on representations made by Uber and Rasier *before* Mellen hired Dalton to give him a ride.  (*See* Compl. ¶¶ 5, 20, 32, 42 (referring to statements on Uber and Rasier's website and software app).)  Even if Dalton gave Mellen a ride through the UBER app, it does not follow that Dalton is responsible for representations made by Uber and Rasier before that time.

The same logic applies to Mellen's claims against Defendants for fraud and silent fraud. In other words, the allegedly fraudulent representations alleged in the complaint were made by Uber and Rasier, not Dalton. Similarly, the information allegedly withheld for purposes of the silent fraud claim was withheld by Uber and Rasier. There is no colorable basis in the complaint for a claim that Dalton committed fraud or silent fraud.

Mellen quotes portions of his complaint that mention Dalton, asserting that these portions describe a colorable basis for relief. However, Mellen does not explain further. Mellen does not indicate what claims these allegations would support. Furthermore, he does not respond to Defendants' assertions that tort claims against Dalton for kidnapping, imprisonment, or battery would be barred by the statute of limitations.[1]

Mellen notes that Dalton has defaulted, which operates as an admission of liability. However, that default simply recognizes that Dalton did not answer the complaint. It does not preclude the Court from finding that there is no colorable basis in the complaint for a claim against Dalton.

Mellen also contends that the removal was improper because Defendants Uber and Rasier did not serve Dalton with their notice of removal and obtain his consent to removal. However, the consent requirement in the removal statute only applies to defendants who have been "properly joined." *See* 28 U.S.C. § 1446(b)(2)(A). The Court's conclusion that Dalton was not properly joined means that Dalton's consent is not required. *See Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015).

---

[1] The same is true to the extent Plaintiff asserts a claim for intentional infliction of emotional distress, which is subject to a three-year statute of limitations. *See Homrich v. Anderson*, No. 353217, 2021 WL 1050362, at *4 (Mich. Ct. App. Mar. 18, 2021) (citing Mich. Comp. Laws § 600.5805(2)).

In summary, Defendants have met their burden of showing that the Court has jurisdiction over this case because Dalton has been fraudulently joined.  Accordingly,

**IT IS ORDERED** that Defendant Dalton is **DISMISSED WITHOUT PREJUDICE** due to improper joinder.

**IT IS FURTHER ORDERED** that, to the extent Plaintiff requests a remand to state court (*see* ECF No. 10, PageID.194), that request is **DENIED**.


Dated:   October 6, 2021                                        /s/ Hala Y. Jarbou
                                                                                   HALA Y. JARBOU
                                                                                    UNITED STATES DISTRICT JUDGE